UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID GARY,

    Plaintiff,

v.                                     Case No: 2:19-cv-427-FtM-29MRM

FORT MYERS POLICE DEPARTMENT,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #14) filed on November 19, 2019. Plaintiff filed a letter response (Doc. #16) on December 16, 2019. For the reasons stated below, defendant will be dismissed.

**I.**

Under Federal Rule of Civil Procedure 8(a), a Complaint must contain a "short and plain statement of the grounds for the court's jurisdiction", and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a

right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

## II.

Plaintiff David Gary filed a Complaint (Doc. #1) against the Fort Myers Police Department with regard to a search conducted at plaintiff's residence on or about July 31, 2015. Plaintiff alleges that the search warrant was obtained under false pretenses because it falsely alleged that plaintiff's home was under suspicion of the sale of cocaine and possession of cocaine, and having paraphernalia related to the sale and possession of cocaine.

Plaintiff states that the occupants did not provide consent for officers to enter the premises, or to search the premises. No cocaine or cocaine related substances were found during the search, but plaintiff was arrested for possession of synthetic marijuana

that did not belong to him. The State Attorney's Office dismissed the charge on December 7, 2015.

In Count I, plaintiff alleges that defendant lacked probable cause to search plaintiff's residence, or to seize items pursuant to the search. Plaintiff alleges that defendant has an unlawful and pervasive policy of ignoring the civil rights of residents, and that the policy was the moving force behind the actions committed against plaintiff. Plaintiff alleges a violation of his Fourth Amendment rights based on an unreasonable search and seizure, and resulting damages.

In Count II, plaintiff alleges a violation of 42 U.S.C. § 1983 and the Fourteenth Amendment based on the same violation of the Fourth Amendment of the United States Constitution alleged in Count I.

## III.

Defendant seeks to dismiss the Complaint arguing that plaintiff failed to properly serve defendant with personal process, plaintiff failed to comply with conditions precedent before filing suit against a municipality pursuant to Fla. Stat. § 768.28, and defendant is not a proper defendant because it is not a separate legal entity. Defendant also argues a failure to state a claim under Fed. R. Civ. P. 12(b)(6), and a failure to

meet the minimum standards under Fed. R. Civ. P. 8 to state a plausible claim.

**A. Service of Process**

On July 5, 2019, the Magistrate Judge granted plaintiff's request to proceed *in forma pauperis*, and directed the Clerk to provide plaintiff a set of forms to prepare and return for service by the United States Marshal's Service. On August 2, 2019, the Clerk's Office noted that plaintiff returned incomplete service forms and they were returned to plaintiff for completion and signatures. On September 9, 2019, a Summons was issued, and the Clerk's Office noted receipt of completed forms. On September 19, 2019, the United States Marshal's Service executed service by certified mail. On November 1, 2019, defendant executed and filed a Waiver of Service of Summons (Doc. #11).

Defendant argues that the case should be dismissed because plaintiff failed to timely complete the forms and return them within the deadline provided by the July 5, 2019, Order, and because "local governments are not required to waive service, even if such a request is made by the Plaintiff." (Doc. #14, p. 3.) Lastly, defendant argues that the package was not addressed to or served on the "chief executive officer" pursuant to state law.

Defendant was not required to waive service of process, but elected to do so by returning an executed Waiver in exchange for

60 days to answer or file a motion to the Complaint. The arguments are therefore rejected as moot.

**B. Fla. Stat. § 768.28**

Defendant argues, to the extent that a claim under state law is asserted in Count I, that plaintiff failed to comply with the condition precedent to filing under Florida Statute Section 768.28(6). "Under section 768.28(6), not only must the notice be given before a suit may be maintained, but also the complaint must contain an allegation of such notice." Levine v. Dade County Sch. Bd., 442 So. 2d 210, 213 (Fla. 1983). "Accordingly, under Florida law, a complaint brought without first providing statutory notice must be dismissed without prejudice in order to allow the plaintiff to comply with the notice requirement, if the time has not expired to provide notice." Rumler v. Dep't of Corr., Fla., 546 F. Supp. 2d 1334, 1344 (M.D. Fla. 2008) (citations omitted).

There is no allegation in the Complaint that notice was provided, or that plaintiff complied with the statutory notice requirement under Fla. Stat. § 768.28. However, there is no reference to a state law cause of action in Count I, and a specific reference to the Fourth Amendment and an illegal search and seizure. Therefore, the motion will be denied on this basis.

5

**C. Legal Entity**

Defendant argues for dismissal as the Fort Myers Police Department is not a legal entity capable of being sued. Indeed, "Sheriff's departments and police departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (citations omitted). Also, "Florida courts have consistently found that City Police Departments are not legal entities amenable to suit." Radcliffe v. Fort Myers Police Dep't, No. 208-CV-663-FTM-29DNF, 2009 WL 153138, at *2 (M.D. Fla. Jan. 22, 2009). See also Rosa v. City of Fort Myers, No. 205-CV-481-FTM-29SPC, 2007 WL 3012650, at *8 (M.D. Fla. Oct. 12, 2007) (noting that the Fort Myers Police Department is part of the City of Fort Myers). The motion to dismiss will be granted because the Fort Myers Police Department is not a separate legal entity capable of being sued. That being said, the Court will provide plaintiff an opportunity to amend the Complaint to name a viable entity.

**D. Failure to State a Claim**

As the Court has determined that the Fort Myers Police Department is not a proper party, and no other defendants are named, the Court will defer review of the sufficiency of the

pleading until, and if, an amended complaint is filed that against a proper party.

In light of plaintiff's *pro se* status, the Court will take the opportunity to provide some guidance when amending the Complaint. As indicated above, the Fort Myers Police Department is not a separate legal entity from the City of Fort Myers. Plaintiff should consider the correct party to be named in any amended complaint filed, who will also have to be served with process before the case can proceed.

The Court notes that plaintiff's response to the motion to dismiss is actually a list of factual allegations that are not contained in the Complaint. For example, plaintiff alleges destruction of his property, and specific physical and psychological symptoms stemming from the arrest. If plaintiff wishes to include the allegations as part of his Complaint, the allegations must be included in any amended complaint to be considered.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #14) is **GRANTED** and the Complaint is **dismissed with prejudice** as to the Fort Myers Police Department but **without prejudice** to filing an

Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2. The Clerk of Court is directed to provide Plaintiff with 1 set of the following: Notice of Lawsuit and Request for Waiver of Service of Summonses, Waiver of Service of Summonses, Summonses, and U.S. Marshals Form 285.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of December, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record