UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID GARY,

      Plaintiff,

v.                       Case No:  2:19-cv-427-FtM-29MRM

WOLFGANG  DANIEL  AND  HIS
TEAM,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Wolfgang Daniel's Motion to Dismiss (Doc. #22) filed on February 14, 2020. On March 11, 2020, plaintiff was directed to file a response to the motion. (Doc. #25.) Plaintiff filed a letter response (Doc. #26) on March 24, 2020, simply repeating the allegations in the Second Amended Complaint. For the reasons set forth below, the motion is denied except for anyone constituting "his team."

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal, the factual allegations must be "plausible"

and "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an

attorney.  The Court will construe the documents filed as a complaint and amended complaint liberally.  <u>Jones v. Fla. Parole Comm'n</u>, 787 F.3d 1105, 1107 (11th Cir. 2015).

## II.

On December 31, 2019, the Court granted a prior motion to dismiss, and dismissed the original Complaint against the Fort Myers Police Department because it is not a legal entity capable of being sued.  The Court deferred review of the sufficiency of the allegations pending the filing of an amended complaint against a proper party.  (Doc. #17.)  The Amended Complaint (Doc. #18) was stricken as it continued to name the Fort Myers Police Department as the defendant.  (Doc. #19.)  On January 24, 2020, plaintiff filed a Second Amended Complaint against Wolfgang Daniel "and his Team".  The United States Marshal executed service of process by certified mail on February 27, 2020, on Wolfgang Daniel, who has appeared.  As no members of "his team" have been identified or served with process, the Court will dismiss "his team" as a defendant.

Plaintiff alleges that on July 31, 2015, at approximately 11:40 a.m., the Fort Myers Police Department entered his home without an official search warrant after talking to the Landlord. Plaintiff alleges that Officer "Wolfman" taunted him and his spouse

while pouring cat litter over plaintiff's bed. Plaintiff also alleges that "Wolfman", along with other officers, destroyed property inside plaintiff's home. "Wolfman" instructed plaintiff that he could go to jail for cocaine, which plaintiff denies using or selling. "Wolfman" handcuffed plaintiff, who alleges that he was arrested without just cause. (Doc. #20, pp. 2, 4.) Plaintiff alleges that his civil rights were violated and he was subjected to a "bad arrest." Plaintiff states that he has since suffered from anxiety and nightmares, and his girlfriend went to the hospital without handcuffs in the ambulance due to an anxiety attack during the incident. Plaintiff seeks $150,000 damages.

## III.

Defendant argues that plaintiff had "yet to properly effect service" at the time of the filing of the motion to dismiss. As noted, service of process has since been completed.

Defendant also argues that "Count IV" of the Second Amended Complaint seems to allege a claim under State law subjecting it the conditions precedent under Fla. Stat. § 768.28(6). The Court does not construe the Amended Complaint as attempting to allege any state law violation. If plaintiff does so intend, he will need to file a motion requesting permission to file a third amended complaint.

Defendant also alleges that plaintiff has failed to state a claim, and to meet the minimum pleading standards imposed by the Federal Rules of Civil Procedure. While the factual allegations are indeed sparse, they are sufficient at this stage of the proceedings to set forth a plausible claim under the Fourth Amendment.

Read liberally, plaintiff alleges a unlawful warrantless entry into his apartment, an unlawful search of his premises and destruction of his property, and his unlawful arrest without just cause. While plaintiff provides no context for the incident, there is no basis to find his factual allegations implausible on their face. The Supreme Court has "unambiguously held that the Fourth Amendment 'prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest.'" McClish v. Nugent, 483 F.3d 1231, 1239 (11th Cir. 2007) (quoting Payton v. New York, 445 U.S. 573, 576 (1980)). Additionally, it would clearly be a violation of the Fourth Amendment to arrest a person without probable cause, and may be a violation to destroy private property during such a search and arrest. The motion to dismiss will be denied, although "the Team" will be dismissed.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #22) is **DENIED.**

2. The unidentified "Team" is dismissed without prejudice. The Clerk shall correct the caption to reflect the only defendant:  Wolfgang Daniel.

   **DONE AND ORDERED** at Fort Myers, Florida, this   7th   day of April, 2020.

 

 

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record